PER CURIAM.
Waymon Bishop appeals the trial court’s final judgment of conviction and sentence to life in prison. Finding no merit in either of Bishop’s two points on appeal, we affirm.
Bishop first assigns error to the admission of collateral crimes evidence. We agree with the trial court that the collateral evidence was sufficiently similar to be admissible to prove the victim’s lack of consent, as well as Bishop’s planning, identity and pattern of behavior.
On the issue of sentencing vindictiveness, the record reflects that Bishop was convicted on three counts of sexual battery on a victim over twelve years of age and one count of kidnapping. He was then sentenced as a Prison Release Reof-fender and a habitual violent felony sexual offender to life in prison for the kidnapping count and thirty years for the three counts of sexual battery. Each sentence imposed was ordered to run concurrently. There can be no allegation of vindictiveness where the trial court merely sentenced the defendant pursuant to the mandatory sentence specified in the Prison Releasee Reoffender statute, section 775.082(9), Florida Statutes (2001). The trial court had no discretion to impose a lower sentence.
Affirmed.